UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| GERALD L. TERHUNE and THERESA J. SPERRY, Co-Personal Representatives of the ESTATE OF EVAN PAUL TERHUNE, Deceased, | ) ) ) ) | |
| Plaintiffs | ) ) | |
| v. | ) ) | CASE NO. 3:22-cv-00177-JRS-MPB |
| NATHAN PITT, JACQUELINE A. DUFF, CORY OFFERMAN, K. HOWARD (#1475), TRENDON AMUZIE, CHRIS EGAN, and JOHN McQUAY, in their individual capacities as officers of the Evansville Police Department, and the CITY OF EVANSVILLE, | ) ) ) ) ) ) ) | |
| Defendants | ) | |

**DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT,
AFFIRMATIVE DEFENSES AND DEMAND FOR JURY TRIAL**

Come now Defendants, Nathan Pitt ("Pitt"), Jacqueline A. Duff ("Duff"), Cory Offerman ("Offerman"), K. Howard (#1475) ("Howard"), Trendon Amuzie ("Amuzie"), Chris Egan ("Egan"), and John McQuay ("McQuay"), in their individual capacities as officers of the Evansville Police Department, and the City of Evansville, (hereinafter, the "City Defendants"), by counsel, and for their answer to Plaintiffs' Complaint for Damages and Jury Demand ("Plaintiffs' Complaint") allege and say as follows:

1. City Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in rhetorical paragraph 1 of Plaintiffs' Complaint and, therefore, deny the same at this time and demand strict proof thereof.

2. City Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in rhetorical paragraph 2 of Plaintiffs' Complaint and, therefore, deny the same at this time and demand strict proof thereof.

3. City Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in rhetorical paragraph 3 of Plaintiffs' Complaint and, therefore, deny the same at this time and demand strict proof thereof.

4. City Defendants admit the allegations contained in rhetorical paragraph 4 of Plaintiffs' Complaint.

5. City Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in rhetorical paragraph 5 of Plaintiffs' Complaint and, therefore, deny the same at this time and demand strict proof thereof.

6. City Defendants admit the allegations contained in rhetorical paragraph 6 of Plaintiffs' Complaint.

7. City Defendants admit the allegations contained in rhetorical paragraph 7 of Plaintiffs' Complaint.

8. City Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in rhetorical paragraph 8 of Plaintiffs' Complaint and, therefore, deny the same at this time and demand strict proof thereof.

9. City Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in rhetorical paragraph 9 of Plaintiffs' Complaint and, therefore, deny the same at this time and demand strict proof thereof.

10. City Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in rhetorical paragraph 10 of Plaintiffs' Complaint and, therefore, deny the same at this time and demand strict proof thereof.

11. City Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in rhetorical paragraph 11 of Plaintiffs' Complaint and, therefore, deny the same at this time and demand strict proof thereof.

12. City Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in rhetorical paragraph 12 of Plaintiffs' Complaint and, therefore, deny the same at this time and demand strict proof thereof.

13. City Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in rhetorical paragraph 13 of Plaintiffs' Complaint and, therefore, deny the same at this time and demand strict proof thereof.

14. City Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in rhetorical paragraph 14 of Plaintiffs' Complaint and, therefore, deny the same at this time and demand strict proof thereof.

15. City Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in rhetorical paragraph 15 of Plaintiffs' Complaint and, therefore, deny the same at this time and demand strict proof thereof.

16. City Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in rhetorical paragraph 16 of Plaintiffs' Complaint and, therefore, deny the same at this time and demand strict proof thereof.

17. City Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in rhetorical paragraph 17 of Plaintiffs' Complaint and, therefore, deny the same at this time and demand strict proof thereof.

18. City Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in rhetorical paragraph 18 of Plaintiffs' Complaint and, therefore, deny the same at this time and demand strict proof thereof.

19. City Defendants admit that the 911 audio recording speaks for itself but are without knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in rhetorical paragraph 19 of Plaintiffs' Complaint and, therefore, deny the same at this time and demand strict proof thereof.

20. City Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in rhetorical paragraph 20 of Plaintiffs' Complaint and, therefore, deny the same at this time and demand strict proof thereof.

21. City Defendants admit that the 911 radio transmissions speak for themselves but are without knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in rhetorical paragraph 21 of Plaintiffs' Complaint and, therefore, deny the same at this time and demand strict proof thereof.

22. City Defendants admit the allegations contained in rhetorical paragraph 22 of Plaintiffs' Complaint.

23. City Defendants admit the allegations contained in rhetorical paragraph 23 of Plaintiffs' Complaint.

24. City Defendants admit that the dash cam video speaks for itself but are without knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations

contained in rhetorical paragraph 24 of Plaintiffs' Complaint and, therefore, deny the same at this time and demand strict proof thereof.

25. City Defendants admit the allegations contained in rhetorical paragraph 25 of Plaintiffs' Complaint.

26. City Defendants admit the allegations contained in rhetorical paragraph 26 of Plaintiffs' Complaint.

27. City Defendants admit that Evan punched Officer Pitt and caused Officer Pitt injuries, and otherwise admit the remaining allegations contained in rhetorical paragraph 27 of Plaintiffs' Complaint.

28. City Defendants admit the allegations contained in rhetorical paragraph 28 of Plaintiffs' Complaint.

29. City Defendants admit the allegations contained in rhetorical paragraph 29 of Plaintiffs' Complaint.

30. City Defendants admit the allegations contained in rhetorical paragraph 30 of Plaintiffs' Complaint.

31. City Defendants admit that Pitt and Duff quickly subdued Evan but are without knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in rhetorical paragraph 31 of Plaintiffs' Complaint and, therefore, deny the same at this time and demand strict proof thereof.

32. City Defendants admit the allegations contained in rhetorical paragraph 32 of Plaintiffs' Complaint.

33. City Defendants admit the allegations contained in rhetorical paragraph 33 of Plaintiffs' Complaint.

34. City Defendants admit the allegations contained in rhetorical paragraph 34 of Plaintiffs' Complaint.

35. City Defendants admit the allegations contained in rhetorical paragraph 35 of Plaintiffs' Complaint.

36. City Defendants admit the allegations contained in rhetorical paragraph 36 of Plaintiffs' Complaint.

37. City Defendants admit the allegations contained in rhetorical paragraph 37 of Plaintiffs' Complaint.

38. City Defendants admit the person who fired a shot from his handgun was detained by the police officers at the scene and he told Officer Duff that he and others had taken LSD, smoked marijuana, and drank alcohol. City Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in rhetorical paragraph 38 of Plaintiffs' Complaint and, therefore, deny the same at this time and demand strict proof thereof.

39. City Defendants admit the allegations contained in rhetorical paragraph 39 of Plaintiffs' Complaint.

40. City Defendants admit the allegations contained in rhetorical paragraph 40 of Plaintiffs' Complaint.

41. City Defendants admit the allegations contained in rhetorical paragraph 41 of Plaintiffs' Complaint.

42. City Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in rhetorical paragraph 42 of Plaintiffs' Complaint and, therefore, deny the same at this time and demand strict proof thereof.

43. City Defendants admit the allegations contained in rhetorical paragraph 43 of Plaintiffs' Complaint.

44. City Defendants admit the allegations contained in rhetorical paragraph 44 of Plaintiffs' Complaint.

45. City Defendants admit the allegations contained in rhetorical paragraph 45 of Plaintiffs' Complaint.

46. City Defendants deny the allegations contained in rhetorical paragraph 46 of Plaintiffs' Complaint.

47. City Defendants admit there was an ambulance present at the scene but deny the remaining allegations contained in rhetorical paragraph 47 of Plaintiffs' Complaint.

48. City Defendants admit the allegations contained in rhetorical paragraph 48 of Plaintiffs' Complaint.

49. City Defendants admit the allegations contained in rhetorical paragraph 49 of Plaintiffs' Complaint.

50. City Defendants admit the allegations contained in rhetorical paragraph 50 of Plaintiffs' Complaint.

51. City Defendants admit the allegations contained in rhetorical paragraph 51 of Plaintiffs' Complaint.

52. City Defendants admit the allegations contained in rhetorical paragraph 52 of Plaintiffs' Complaint.

53. City Defendants admit that officers on the scene made the decision to transport Evan to the hospital in the Wagon and admit Evan's behavior was violent, but City Defendants deny the remaining allegations contained in rhetorical paragraph 53 of Plaintiffs' Complaint.

54. City Defendants admit the allegations contained in rhetorical paragraph 54 of Plaintiffs' Complaint.

55. City Defendants admit that Officers Egan, Amuzie, Offerman and Howard heard noise coming from inside the Wagon but are without knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in rhetorical paragraph 55 of Plaintiffs' Complaint and, therefore, deny the same at this time and demand strict proof thereof.

56. City Defendants deny that McQuay was well aware of Evan's violent behavior but admit the remaining allegations contained in rhetorical paragraph 56 of Plaintiffs' Complaint.

57. City Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in rhetorical paragraph 57 of Plaintiffs' Complaint and, therefore, deny the same at this time and demand strict proof thereof.

58. City Defendants admit that the police video speaks for itself but are without knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in rhetorical paragraph 58 of Plaintiffs' Complaint and, therefore, deny the same at this time and demand strict proof thereof.

59. City Defendants admit the allegations contained in rhetorical paragraph 59 of Plaintiffs' Complaint.

60. City Defendants admit that the surveillance video speaks for itself but are without knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in rhetorical paragraph 60 of Plaintiffs' Complaint and, therefore, deny the same at this time and demand strict proof thereof.

61. City Defendants admit that Egan drove the Wagon at normal speeds without emergency lights or siren.

62. City Defendants admit the allegations contained in rhetorical paragraph 62 of Plaintiffs' Complaint.

63. City Defendants admit the allegations contained in rhetorical paragraph 63 of Plaintiffs' Complaint.

64. City Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in rhetorical paragraph 64 of Plaintiffs' Complaint and, therefore, deny the same at this time and demand strict proof thereof.

65. City Defendants admit Eagan and Howard arrived at the hospital at 10:23 PM but are without knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in rhetorical paragraph 65 of Plaintiffs' Complaint and, therefore, deny the same at this time and demand strict proof thereof.

66. City Defendants admit the allegations contained in rhetorical paragraph 66 of Plaintiffs' Complaint.

67. City Defendants admit that Evan was making noise in the back of the Wagon and that Officers Egan and Howard stood outside the Wagon but are without knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in rhetorical paragraph 67 of Plaintiffs' Complaint and, therefore, deny the same at this time and demand strict proof thereof.

68. City Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in rhetorical paragraph 68 of Plaintiffs' Complaint and, therefore, deny the same at this time and demand strict proof thereof.

69. City Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in rhetorical paragraph 69 of Plaintiffs' Complaint and, therefore, deny the same at this time and demand strict proof thereof.

70. City Defendants admit the allegations contained in rhetorical paragraph 70 of Plaintiffs' Complaint.

71. City Defendants admit the allegations contained in rhetorical paragraph 71 of Plaintiffs' Complaint.

72. City Defendants admit Evan was placed in a wheelchair and was wheeled into the ER but are without knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in rhetorical paragraph 72 of Plaintiffs' Complaint and, therefore, deny the same at this time and demand strict proof thereof.

73. City Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in rhetorical paragraph 73 of Plaintiffs' Complaint and, therefore, deny the same at this time and demand strict proof thereof.

74. City Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in rhetorical paragraph 74 of Plaintiffs' Complaint and, therefore, deny the same at this time and demand strict proof thereof.

75. City Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in rhetorical paragraph 75 of Plaintiffs' Complaint and, therefore, deny the same at this time and demand strict proof thereof.

76. City Defendants admit Evan died on November 17, 2020, but are without knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations

contained in rhetorical paragraph 76 of Plaintiffs' Complaint and, therefore, deny the same at this time and demand strict proof thereof.

77. City Defendants admit the coroner determined Evan's cause of death was blunt force trauma to the head but are without knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in rhetorical paragraph 77 of Plaintiffs' Complaint and, therefore, deny the same at this time and demand strict proof thereof.

78. City Defendants reaffirm and restate their answers to rhetorical paragraphs 1 through 77 of Plaintiffs' Complaint as if the same were fully set forth herein.

79. City Defendants admit the allegations contained in rhetorical paragraph 79 of Plaintiffs' Complaint.

80. City Defendants admit the allegations contained in rhetorical paragraph 80 of Plaintiffs' Complaint.

81. City Defendants admit the allegations contained in rhetorical paragraph 81 of Plaintiffs' Complaint.

82. City Defendants deny the allegations contained in rhetorical paragraph 82 of Plaintiffs' Complaint.

83. City Defendants deny the allegations contained in rhetorical paragraph 83 of Plaintiffs' Complaint.

84. City Defendants deny the allegations contained in rhetorical paragraph 84 of Plaintiffs' Complaint.

85. City Defendants deny the allegations contained in rhetorical paragraph 85 of Plaintiffs' Complaint.

86. City Defendants deny the allegations contained in rhetorical paragraph 86 of Plaintiffs' Complaint.

87. City Defendants deny the allegations contained in rhetorical paragraph 87 of Plaintiffs' Complaint.

88. City Defendants deny the allegations contained in rhetorical paragraph 88 of Plaintiffs' Complaint.

89. City Defendants admit that the failure to provide restraints in the Wagon did not, by itself, constitute a substantial risk of serious harm but deny the remaining allegations contained in rhetorical paragraph 89 of Plaintiffs' Complaint.

90. City Defendants deny the allegations contained in rhetorical paragraph 90 of Plaintiffs' Complaint.

91. City Defendants deny the allegations contained in rhetorical paragraph 91 of Plaintiffs' Complaint.

92. City Defendants deny the allegations contained in rhetorical paragraph 92 of Plaintiffs' Complaint.

93. City Defendants admit that as soon as the doors to the Wagon closed, Evan began making noise inside the Wagon but are without knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in rhetorical paragraph 93 of Plaintiffs' Complaint and, therefore, deny the same at this time and demand strict proof thereof.

94. City Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in rhetorical paragraph 94 of Plaintiffs' Complaint and, therefore, deny the same at this time and demand strict proof thereof.

95.     City Defendants deny the allegations contained in rhetorical paragraph 95 of Plaintiffs' Complaint.

96.     City Defendants admit that Officer Egan could hear, and feel, Evan screaming but are without knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in rhetorical paragraph 96 of Plaintiffs' Complaint and, therefore, deny the same at this time and demand strict proof thereof.

97.     City Defendants admit the allegations contained in rhetorical paragraph 97 of Plaintiffs' Complaint.

98.     City Defendants admit Egan stopped at stoplights and listened and felt the wagon shake but deny the remaining allegations contained in rhetorical para graph 98 of Plaintiffs' Complaint.

99.     City Defendants deny the allegations contained in rhetorical paragraph 99 of Plaintiffs' Complaint.

100.    City Defendants deny the allegations contained in rhetorical paragraph 100 of Plaintiffs' Complaint.

101.    City Defendants deny the allegations contained in rhetorical paragraph 101 of Plaintiffs' Complaint.

102.    City Defendants deny the allegations contained in rhetorical paragraph 102 of Plaintiffs' Complaint.

103.    City Defendants re-assert its answer to rhetorical paragraph 67 (the allegations contained in this rhetorical paragraph and rhetorical paragraph 67 are the same).

104.    City Defendants deny the allegations contained in rhetorical paragraph 104 of Plaintiffs' Complaint.

105. City Defendants deny the allegations contained in rhetorical paragraph 105 of Plaintiffs' Complaint.

106. City Defendants deny the allegations contained in rhetorical paragraph 106 of Plaintiffs' Complaint.

107. City Defendants deny the allegations contained in rhetorical paragraph 107 of Plaintiffs' Complaint.

108. City Defendants deny the allegations contained in rhetorical paragraph 108 of Plaintiffs' Complaint.

109. City Defendants deny the allegations contained in rhetorical paragraph 109 of Plaintiffs' Complaint.

110. City Defendants deny the allegations contained in rhetorical paragraph 110 of Plaintiffs' Complaint.

111. City Defendants deny the allegations contained in rhetorical paragraph 111 of Plaintiffs' Complaint.

112. City Defendants deny the allegations contained in rhetorical paragraph 112 of Plaintiffs' Complaint.

113. City Defendants reaffirm and restate their answers to rhetorical paragraphs 1 through 112 of Plaintiffs' Complaint as if the same were fully set forth herein.

114. City Defendants admit the allegations contained in rhetorical paragraph 114 of Plaintiffs' Complaint.

115. City Defendants admit the allegations contained in rhetorical paragraph 115 of Plaintiffs' Complaint.

116. City Defendants deny the allegations contained in rhetorical paragraph 116 of Plaintiffs' Complaint.

117. City Defendants deny the allegations contained in rhetorical paragraph 117 of Plaintiffs' Complaint.

118. City Defendants admit the allegations contained in rhetorical paragraph 118 of Plaintiffs' Complaint.

119. City Defendants deny the allegations contained in rhetorical paragraph 119 of Plaintiffs' Complaint.

## AFFIRMATIVE DEFENSES

1. **Failure to State a Claim Upon Which Relief Can Be Granted** - Plaintiffs fail to state a claim upon which relief can be granted.

2. **State Tort Claim Immunity** - Pursuant to the Indiana Tort Claims Act, City Defendants are immune from personal liability to Plaintiffs in that officers and agents of the City acted in their official capacity as police officers, and they were in the course of enforcing the law or otherwise under I.C. 34-13-3-3; claims are foreclosed by I.C. 34-13-3-5 and/or any limitations of I.C. 34-13-3-4.

3. **Contributory Negligence** – Plaintiffs are barred from recovering damages to the extent such damages were the proximate result of Evan's contributory negligence.

4. **Common Law Immunity** - With respect to the state tort claims of Plaintiffs, City Defendants have common law immunity for the enforcement of law.

5. **Probable Cause** –The actions of Officers Pitt, Duff, Offerman, Howard, Amuzie, Egan and McQuay with respect to Evan at all times relevant were based upon probable cause and reasonable suspicion to believe Evan had committed one or more criminal offenses.

6. **Reasonable Force** - The use of force with regard to Evan was justified, and the force used was reasonable in light of the circumstances.

7. **Privilege** - Any touching of the person of Evan was privileged under the circumstances, as Pitt, Duff, Offerman, Howard, Amuzie, Egan and McQuay were acting with reasonable belief and probable cause that Evan had committed one or more offenses and was a potential threat to the safety of the officers and to others. The amount of force used was reasonable under the circumstances.

8. **Intentional Conduct** - Damages, if any, alleged by Plaintiffs were the result of Evan's willful, reckless and intentional conduct in resisting the lawful commands of law enforcement, and not by reason of the act or failure to act of the City Defendants.

9. **Comparative Fault** - Any liability or damages may be limited by the doctrine of comparative fault.

10. **Policy, Practice and Custom** - The alleged adverse action was not taken pursuant to a governmental policy, practice, or custom.

11. **Mitigation of Damages** - Plaintiffs may have failed to sufficiently mitigate their alleged damages.

12. **Qualified Immunity** – Officers Pitt, Duff, Offerman, Howard, Amuzie, Egan and McQuay acted in good faith within the scope of their law enforcement authority and with objective reasonableness in light of the circumstances presented and are entitled to qualified immunity.

City Defendants have not had the opportunity to investigate or engage in discovery regarding the allegations and, therefore, reserve the right to amend, supplement or modify their

Affirmative Defenses as they become known through further investigation, research and discovery.

## DEMAND FOR JURY TRIAL

City Defendants demand a trial by jury for all matters so triable.

Respectfully submitted,

*/s/ Keith W. Vonderahe*
Keith W. Vonderahe
ZIEMER, STAYMAN, WEITZEL & SHOULDERS, LLP
20 NW 1st Street, 9th Floor
P.O. Box 916
Evansville, IN  47706-0916
Phone: (812) 424-7575
Fax: (812) 421-5089
E-mail: kvonderahe@zsws.com

Attorney for Defendants

## CERTIFICATE OF SERVICE

I certify that on February 7, 2023, a copy of the foregoing pleading was filed electronically.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

Stephen M. Wagner, Esq.
swagner@wagnerreese.com

*/s/ Keith W. Vonderahe*
Keith W. Vonderahe