UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| GERALD L. TERHUNE and THERESA J. SPERRY, Co-Personal Representatives of the ESTATE OF EVAN PAUL TERHUNE, Deceased,<br><br>        Plaintiffs,<br><br>   v.<br><br>NATHAN PITT, JACQUELINE A. DUFF, CORY OFFERMAN, K. HOWARD (#1475), TRENDON AMUZIE, CHRIS EGAN, and JOHN McQUAY, in their individual capacities as officers of the Evansville Police Department, and the CITY OF EVANSVIILE,<br><br>        Defendants. | CAUSE NO.  3:22-CV-177-JRS-MPB |

## **PLAINTIFFS' PRELIMINARY WITNESS AND EXHIBIT LISTS**

Come now Gerald L. Terhune and Theresa J. Sperry, Co-Special Administrators of the Unsupervised Estate of Evan Paul Terhune, Deceased, by counsel, and file their *Preliminary Witness and Exhibit Lists*:

## **WITNESS LIST**

1. Gerald L. Terhune
   c/o Stephen M. Wagner
   Wagner Reese, LLP

   Mr. Terhune's expected testimony will include, but not be limited to, information regarding Evan's physical, mental, medical condition and drug addiction prior to the November 14, 2020 incident, relationship with his son, and damages, generally.

2. Theresa J. Sperry
   c/o Stephen M. Wagner
   Wagner Reese, LLP

   Ms. Sperry's expected testimony will include, but not be limited to, information regarding Evan's physical, mental, medical condition and drug addiction prior to the November 14, 2020 incident, relationship with her son, and damages, generally.

3. Nathan Pitt
   c/o Keith Vonderahe, Esq.
   Robert L. Burkart, Esq.
   ZIEMER, STAYMAN, WEITZEL & SHOULDERS, LLP

   Officer Pitt's expected testimony will include, but not be limited to, information related to (1) policies and procedures of the Evansville Police Department in dealing with arrestees who are under the influence of drugs, including but not limited to LSD and marijuana; (2) policies and procedures for transporting arrestees who display obvious signs of impairment from the use of drugs; (3) policies and procedures for providing medical care to arrestees who are in obvious medical distress;  (4) policies and procedures for securing arrestees who are likely to harm themselves during transport; (5) the activities that took place during the arrest and transport of Evan to Deaconess Hospital on November 14, 2020; (6) Evan's mental and physical condition during his arrest and transport on November 14, 2020; (7) interaction with Evan on November 14, 2020; and (8) training received from the Evansville Police Department.

4. Jacqueline A. Duff
   c/o Keith Vonderahe, Esq.
   Robert L. Burkart, Esq.
   ZIEMER, STAYMAN, WEITZEL & SHOULDERS, LLP

   Officer Duff's expected testimony will include, but not be limited to, information related to (1) policies and procedures of the Evansville Police Department in dealing with arrestees who are under the influence of drugs, including but not limited to LSD and marijuana; (2) policies and procedures for transporting arrestees who display obvious signs of impairment from the use of drugs; (3) policies and procedures for providing medical care to arrestees who are in obvious medical distress;  (4) policies and procedures for securing arrestees who are likely to harm themselves during transport; (5) the activities that took place during the arrest and transport of Evan to Deaconess Hospital on November 14, 2020; (6) Evan's mental and physical condition during his arrest and transport on November 14, 2020; (7) interaction with Evan on November 14, 2020; and (8) training received from the Evansville Police Department.

5. Cory Offerman
   c/o Keith Vonderahe, Esq.
   Robert L. Burkart, Esq.
   ZIEMER, STAYMAN, WEITZEL & SHOULDERS, LLP

   Officer Offerman's expected testimony will include, but not be limited to, information related to (1) policies and procedures of the Evansville Police Department in dealing with arrestees who are under the influence of drugs, including but not limited to LSD and marijuana; (2) policies and procedures for transporting arrestees who display obvious signs of impairment from the use of drugs; (3) policies and procedures for providing medical care to arrestees who are in obvious medical distress;  (4) policies

and procedures for securing arrestees who are likely to harm themselves during transport; (5) the activities that took place during the arrest and transport of Evan to Deaconess Hospital on November 14, 2020; (6) Evan's mental and physical condition during his arrest and transport on November 14, 2020; (7) interaction with Evan on November 14, 2020; and (8) training received from the Evansville Police Department.

6. K. Howard
   c/o Keith Vonderahe, Esq.
   Robert L. Burkart, Esq.
   ZIEMER, STAYMAN, WEITZEL & SHOULDERS, LLP

   Officer Howard's expected testimony will include, but not be limited to, information related to (1) policies and procedures of the Evansville Police Department in dealing with arrestees who are under the influence of drugs, including but not limited to LSD and marijuana; (2) policies and procedures for transporting arrestees who display obvious signs of impairment from the use of drugs; (3) policies and procedures for providing medical care to arrestees who are in obvious medical distress; (4) policies and procedures for securing arrestees who are likely to harm themselves during transport; (5) the activities that took place during the arrest and transport of Evan to Deaconess Hospital on November 14, 2020; (6) Evan's mental and physical condition during his arrest and transport on November 14, 2020; (7) interaction with Evan on November 14, 2020; and (8) training received from the Evansville Police Department.

7. Trendon Amuzie
   c/o Keith Vonderahe, Esq.
   Robert L. Burkart, Esq.
   ZIEMER, STAYMAN, WEITZEL & SHOULDERS, LLP

   Officer Amuzie's expected testimony will include, but not be limited to, information related to (1) policies and procedures of the Evansville Police Department in dealing with arrestees who are under the influence of drugs, including but not limited to LSD and marijuana; (2) policies and procedures for transporting arrestees who display obvious signs of impairment from the use of drugs; (3) policies and procedures for providing medical care to arrestees who are in obvious medical distress; (4) policies and procedures for securing arrestees who are likely to harm themselves during transport; (5) the activities that took place during the arrest and transport of Evan to Deaconess Hospital on November 14, 2020; (6) Evan's mental and physical condition during his arrest and transport on November 14, 2020; (7) interaction with Evan on November 14, 2020; and (8) training received from the Evansville Police Department.

8. Chris Egan
   c/o Keith Vonderahe, Esq.
   Robert L. Burkart, Esq.
   ZIEMER, STAYMAN, WEITZEL & SHOULDERS, LLP

   Officer Egan's expected testimony will include, but not be limited to, information related to (1) policies and procedures of the Evansville Police Department in dealing with arrestees who are under the influence of drugs, including but not limited to LSD and marijuana; (2) policies and procedures for transporting arrestees who display obvious signs of impairment from the use of drugs; (3) policies and procedures for providing medical care to arrestees who are in obvious medical distress; (4) policies and procedures for securing arrestees who are likely to harm themselves during transport; (5) the activities that took place during the arrest and transport of Evan to Deaconess Hospital on November 14, 2020; (6) Evan's mental and physical condition during his arrest and transport on November 14, 2020; (7) interaction with Evan on November 14, 2020; and (8) training received from the Evansville Police Department.

9. John McQuay
   c/o Keith Vonderahe, Esq.
   Robert L. Burkart, Esq.
   ZIEMER, STAYMAN, WEITZEL & SHOULDERS, LLP

   Officer McQuay's expected testimony will include, but not be limited to, information related to (1) policies and procedures of the Evansville Police Department in dealing with arrestees who are under the influence of drugs, including but not limited to LSD and marijuana; (2) policies and procedures for transporting arrestees who display obvious signs of impairment from the use of drugs; (3) policies and procedures for providing medical care to arrestees who are in obvious medical distress; (4) policies and procedures for securing arrestees who are likely to harm themselves during transport; (5) the activities that took place during the arrest and transport of Evan to Deaconess Hospital on November 14, 2020; (6) Evan's mental and physical condition during his arrest and transport on November 14, 2020; (7) interaction with Evan on November 14, 2020; and (8) training received from the Evansville Police Department.

10. Representatives of the City of Evansville
    c/o Keith Vonderahe, Esq.
    Robert L. Burkart, Esq.
    ZIEMER, STAYMAN, WEITZEL & SHOULDERS, LLP

    Expected testimony will include, but not be limited to, information related to (1) policies, procedures and training of officers of the Evansville Police Department in identifying and/responding to arrestees who are under the influence of drugs, including but not limited to LSD and marijuana; (2) policies, procedures and training of officers regarding transporting arrestees who display obvious signs of impairment from the use of drugs; (3) policies, procedures and training of officers regarding providing medical care to arrestees who are in obvious medical distress; (4) policies, procedures and

training of officers regarding safely securing arrestees who are likely to hurt themselves during transport; (5) investigation of the November 14, 2020 arrest and transport of Evan to Deaconess Hospital on November 14, 2020; (6) disciplinary actions, if any, taken against the Defendant Officers, and (7) the purchase and equipping of the transport wagon used to transport Evan on the day of the incident.

11. Dr. Alex Baronowsky, Dr. Chou, Dr. Vardi, and yet to be identified medical providers
    Deaconess Midtown Hospital
    600 Mary Street
    Evansville, IN  47710

    Testimony will include, but be limited to, Evan's condition upon arrival at Deaconess Hospital on November 14, 2020; treatment rendered, including surgical procedures, from November 14, 2020 – November 17, 2020; interaction with Defendant Officers on November 14, 2020 concerning the transport and condition of Evan prior to and upon arrival at Deaconess Hospital.

12. Steven W. Lockyear, Coroner
    Vanderburgh County Coroner's Office
    201 South Morton Avenue
    Evansville, IN 47713

    Coroner Lockyear's expected testimony will include but not be limited to information related to the autopsy of Evan Terhune.

13. Matthew D. Kohl, Deputy Coroner
    Vanderburgh County Coroner's Office
    201 South Morton Avenue
    Evansville, IN 47713

    Deputy Coroner Kohl's expected testimony will include but not be limited to information related to the autopsy of Evan Terhune.

14. Christopher Kiefer, MD
    Blue Key Forensic Pathology
    140 South Main Street
    Madisonville, KY 42431

    Dr. Kiefer's expected testimony will include but not be limited to information related to the autopsy of Evan Terhune.

15. Agents, employees and representative(s) of NMS Labs
    200 Welsh Road
    Horsham, PA  19044

Expected testimony will include but not be limited to analysis of blood and vitreous fluid samples taken from Evan Terhune and the January 15, 2021 toxicology report.

16. Investigator K.A. Campbell's (2X1379)
    Evansville Police Department
    15 NW Martin Luther King, Jr. Boulevard
    Evansville, IN 47708

    Investigator Campbell's expected testimony will include but not be limited to information related to the investigation of the November 14, 2020 arrest and transport to Deaconess Hospital of Evan Terhune.

17. D.E. Thompson (2X5136)
    Evansville Police Department
    15 NW Martin Luther King, Jr. Boulevard
    Evansville, IN 47708

    Supervisor Thompson's expected testimony will include but not be limited to information related to the investigation of the November 14, 2020 arrest and transport to Deaconess Hospital of Evan Terhune.

18. Officer Ch. Miles (2X1504)
    Evansville Police Department
    15 NW Martin Luther King, Jr. Boulevard
    Evansville, IN 47708

    Officer Miles' expected testimony will including, but not be limited to, information related to his participation in the arrest, transport of Evan Terhune the evening of November 14, 2020, and investigation, and the actions of the Defendant officers.

19. Officer P. Klein (1430)
    Evansville Police Department
    15 NW Martin Luther King, Jr. Boulevard
    Evansville, IN 47708

    Officer Klein's expected testimony will including, but not be limited to, information related to his participation in the arrest, transport of Evan Terhune the evening of November 14, 2020, and investigation, and the actions of the Defendant officers.

20. Detective Aaron McCormick (2X1345)
    Evansville Police Department
    15 NW Martin Luther King, Jr. Boulevard
    Evansville, IN 47708

Detective McCormick's expected testimony will include but not be limited to information related to the investigation of the November 14, 2020 arrest and transport to Deaconess Hospital of Evan Terhune and the autopsy of Even Terhune.

21. Sgt. W. Arbaugh (5196)
    Evansville Police Department
    15 NW Martin Luther King, Jr. Boulevard
    Evansville, IN 47708

    Sgt. Arbaugh's expected testimony will including, but not be limited to, information related to his participation in the arrest, transport of Evan Terhune the evening of November 14, 2020, and investigation, and the actions of the Defendant officers.

22. Sgt. Deb Thompson
    Evansville Police Department
    15 NW Martin Luther King, Jr. Boulevard
    Evansville, IN 47708

    Sgt. Thompson's expected testimony will including, but not be limited to, information related to her participation in the arrest, transport of Evan Terhune the evening of November 14, 2020, and investigation, and the actions of the Defendant officers.

23. Officer C. Staats (2X1479)
    Evansville Police Department
    15 NW Martin Luther King, Jr. Boulevard
    Evansville, IN 47708

    Officer Staat's expected testimony will including, but not be limited to, information related to his participation in the arrest, transport of Evan Terhune the evening of November 14, 2020, and investigation, and the actions of the Defendant officers.

24. Detective Nick P. Henderson (2X1134)
    Evansville Police Department
    15 NW Martin Luther King, Jr. Boulevard
    Evansville, IN 47708

    Detective Henderson's expected testimony will include but not be limited to information related to the investigation of the November 14, 2020 arrest and transport to Deaconess Hospital of Evan Terhune and the autopsy of Evan Terhune.

25. Officer A. Fahse (2X1452)
    Evansville Police Department
    15 NW Martin Luther King, Jr. Boulevard
    Evansville, IN 47708

    Officer Fahse's expected testimony will including, but not be limited to, information related to his participation in the arrest, transport of Evan Terhune the evening of November 14, 2020, and investigation, and the actions of the Defendant officers.

26. Officer H. Adams (2X1404)
    Evansville Police Department
    15 NW Martin Luther King, Jr. Boulevard
    Evansville, IN 47708

    Officer Adams' expected testimony will including, but not be limited to, information related to his participation in the arrest, transport of Evan Terhune the evening of November 14, 2020, and investigation, and the actions of the Defendant officers.

27. Officer N. Aghasaryan (2X1487)
    Evansville Police Department
    15 NW Martin Luther King, Jr. Boulevard
    Evansville, IN 47708

    Officer Aghasaryan's expected testimony will including, but not be limited to, information related to his participation in the arrest, transport of Evan Terhune the evening of November 14, 2020, and investigation, and the actions of the Defendant officers.

28. Officer Mastoridis
    Evansville Police Department
    15 NW Martin Luther King, Jr. Boulevard
    Evansville, IN 47708

    Officer Mastoridis' expected testimony will including, but not be limited to, information related to his participation in the arrest, transport of Evan Terhune the evening of November 14, 2020, and investigation, and the actions of the Defendant officers.

29. Jesse Shaheen Elijah Jitta
    1014 Hatfield Drive
    Evansville, IN 47715

    Mr. Jitta's testimony will include, but not be limited to, (1) the events that took place at 1136 Loft Cove, Evansville, Indiana the evening of November 14, 2020, (2) Evan's behavior and mental status during the evening of November 14, 2020 before and after his arrest; and (3) the actions of the responding Evansville Police officers upon arrival at 1136 Loft Cove, Evansville, Indiana and during the arrest and detainment of Evan the evening of November 14, 2020.

30. Dalton A. Summers
    1136 Loft Cove
    Evansville, IN 47715

    Mr. Summer's testimony will include, but not be limited to, (1) the events that took place at 1136 Loft Cove, Evansville, Indiana the evening of November 14, 2020, (2) Evan's behavior and mental status during the evening of November 14, 2020 before and after his arrest; and (3) the actions of the responding Evansville Police officers upon arrival at 1136 Loft Cove, Evansville, Indiana and during the arrest and detainment of Evan the evening of November 14, 2020.

31. Ethan S. Berich
    500 Kenwood Court, Apt. B
    Newburgh, IN 47630

    Mr. Berich's testimony will include, but not be limited to, (1) the events that took place at 1136 Loft Cove, Evansville, Indiana the evening of November 14, 2020, (2) Evan's behavior and mental status during the evening of November 14, 2020 before and after his arrest; and (3) the actions of the responding Evansville Police officers upon arrival at 1136 Loft Cove, Evansville, Indiana and during the arrest and detainment of Evan the evening of November 14, 2020.

32. Joshua T. Winkley
    1113 Bell Road
    Newburgh, IN 47630

    Mr. Winkley's testimony will include, but not be limited to, (1) the events that took place at 1136 Loft Cove, Evansville, Indiana the evening of November 14, 2020, (2) Evan's behavior and mental status during the evening of November 14, 2020 before and after his arrest; and (3) the actions of the responding Evansville Police officers upon arrival at 1136 Loft Cove, Evansville, Indiana and during the arrest and detainment of Evan the evening of November 14, 2020.

33. Mary Ellen Laughlin
    1136 Loft Cove
    Evansville, IN 47711

    Ms. Laughlin's testimony will include, but not be limited to, (1) the events that took place at 1136 Loft Cove, Evansville, Indiana the evening of November 14, 2020, (2) Evan's behavior and mental status during the evening of November 14, 2020 before and after his arrest; and (3) the actions of the responding Evansville Police officers upon arrival at 1136 Loft Cove, Evansville, Indiana and during the arrest and detainment of Evan the evening of November 14, 2020.

34. Zane W. Smith
    4333 Bell Road South
    Newburgh, IN 47630

    Mr. Smith's testimony will include, but not be limited to, (1) the events that took place at 1136 Loft Cove, Evansville, Indiana the evening of November 14, 2020, (2) Evan's behavior and mental status during the evening of November 14, 2020 before and after his arrest; and (3) the actions of the responding Evansville Police officers upon arrival at 1136 Loft Cove, Evansville, Indiana and during the arrest and detainment of Evan the evening of November 14, 2020.

35. All personnel of the Evansville Police Department not yet identified, who participated in the investigation, arrest or transport of Evan Terhune on November 14, 2020.

36. Representatives of the Evansville Police Department
    c/o Keith Vonderahe, Esq.
    Robert L. Burkart, Esq.
    ZIEMER, STAYMAN, WEITZEL & SHOULDERS, LLP

    Representatives of the Evansville Police Department who have knowledge about the policies and standard operating procedures in effect on November 14, 2020, including but not limited to the following: (1) policies, procedures and training of officers of the Evansville Police Department in identifying and/responding to arrestees who are under the influence of drugs, including but not limited to LSD and marijuana; (2) policies, procedures and training of officers regarding transporting arrestees who display obvious signs of impairment from the use of drugs; (3) policies, procedures and training of officers regarding providing medical care to arrestees who are in obvious medical distress; (4) policies, procedures and training of officers regarding safely securing arrestees who are likely to hurt themselves during transport; (5) investigation of the November 14, 2020 arrest and transport of Evan to Deaconess Hospital on November 14, 2020; (6) disciplinary actions, if any, taken against the Defendant Officers, and (7) the purchase and equipping of the transport wagon used to transport Evan on the day of the incident.

37. Family members and friends of Evan Terhune who can testify as to his relationship with this parents.

38. Any and all medical personnel, not previously identified, who provided treatment to Evan Terhune at any time as a result of the November 14, 2020 incident.

39. All witnesses necessary to lay a proper foundation to admit exhibits.

40. All individuals, presently unknown, who may be required to testify as rebuttal witnesses.

41. All individuals, presently unknown, who are identified through discovery.

42. All witnesses identified by Defendants in their respective preliminary, final and supplemental witness lists and in their initial disclosures pursuant to Rule 26(a).

Plaintiffs reserve the right to amend this list should additional witnesses be identified through discovery. This list does not include rebuttal witnesses or expert witnesses which will be disclosed in accordance with the approved *Case Management Plan.*

## EXHIBIT LIST

1. Non-Party Response of the Vanderburgh Coroner's (Case No. 330-20), including:
   - Autopsy photographs
   - April 12, 2021 Post Mortem Examination Report prepared by Christopher J. Kiefer, M.D.
   - January 15, 2021 NMS Labs Toxicology Report
   - April 14, 2021 letters to Plaintiffs from Vanderburgh Coroner's Office regarding availability of autopsy and toxicology reports of Evan Terhune
   - April 14, 2021 letters to Plaintiffs from Vanderburgh Coroner's Office regarding Evan Terhune's cause of death
   - Vanderburgh County Coroner Morgue Sheet for Evan Terhune
   - Provisional Notification of Death – Burial Transit Permit for Evan Terhune
   - April 20, 2021 letter to Jamie Polk, paralegal (Wagner Reese, LLP) from Vanderburgh Coroner's Office acknowledging request for autopsy report
   - Inquest No. 3912 re Evan Terhune signed by Steven W. Lockyear, Coroner and Matthew Kohl, Deputy Coroner
   - November 18, 2020 Supplemental Death Report signed by Deputy Coroner Matthew D. Kohl
   - Death Certificate of Evan Terhune
   - November 14, 2020 Evansville Police Department Incident/Investigation Report.

2. Deaconess Hospital medical records and itemized billing statement for treatment rendered to Evan Terhune as a result of the November 14, 2020 incident.

3. Yet to be identified medical records and itemized billing statements for treatment rendered to Evan Terhune as a result of the November 14, 2020 incident.

4. May 12, 2021 Letter from United Healthcare regarding lien for treatment rendered to Evan Terhune as result of the November 14, 2020 incident.

5. Funeral and Burial expenses.

6. Injury photographs of Even Terhune, taken by Plaintiffs.

7. May 6, 2021 Tort Claim Notice.

11

8. Non-Party Response – Evansville Police Department regarding the November 14, 2020 incidence involving Evan Terhune, including but not limited to:

   - Recorded interview of Summer Dalton, Ethan Berich, Jesse Jitta, and Mary Laughlin
   - Case File 20-20668, including Investigation/Incident reports and written statements
   - Emails regarding November 14, 2020 incident and request for documents
   - Central Dispatch audio
   - Scene photographs
   - Hospital photographs
   - Autopsy photographs
   - Injury photographs of Ethan Berich
   - Injury photographs of Officer Nathan Pitts
   - Dash Cam videos for officers on scene
   - Taser Deployment video
   - Transport wagon video
   - Officer interview videos.

9. News articles regarding the arrest, death of Evan Terhune, and lawsuit filed.

10. Photographs of Evan Terhune and his family prior to November 14, 2020.

11. Policies and procedures, training materials, memos, bulletins, and employment handbooks, for the Evansville Police Department, including but not limited to:

    - policies, procedures and training of officers of the Evansville Police Department in identifying and/responding to arrestees who are under the influence of drugs, including but not limited to LSD and marijuana.
    - policies, procedures and training of officers regarding transporting arrestees who display obvious signs of impairment from the use of drugs.
    - policies, procedures and training of officers regarding providing medical care to arrestees who are in obvious medical distress.
    - policies, procedures and training of officers regarding safely securing arrestees who are likely to hurt themselves during transport.

12. All items taken from Evan Terhune's person by Defendants or their agents or employees.

13. The transport wagon which transported Evan Terhune shortly before his death.

14. Documents pertaining to the transport wagon which transported Evan Terhune shortly before his death, including photographs, video, purchase documents, and maintenance records.

15. Employment files for all Evansville Police Department officers, including the named Defendants that had contact with Evan Terhune during his arrest and transport to Deaconess Hospital on November 14, 2020.

16. Communication calls and radio traffic transcripts, including audio, of any law enforcement agency related to the arrest and death of Evan Terhune.

17. Evan Terhune's employment records, including W2s and/or 1099s .

18. All documents, videos, photographs, recordings, transcripts, etc. provided in Response to any parties Request for Production of Documents.

19. All documents, videos, photographs, recordings, transcripts, etc. provided in Response to any Non-Party Request for Production of Documents.

20. All answers to any parties Interrogatories.

21. All deposition transcripts for all Defendants and all witnesses in this litigation.

22. All exhibits identified by Defendants in their Preliminary, Final, and Supplemental Exhibit Lists or in their initial disclosures pursuant to Rule 26(a).

23. All exhibits, presently unknown, which are identified through discovery.

24. All exhibits, presently unknown, which may be introduced as rebuttal evidence.

Plaintiffs reserve the right to amend this list should additional exhibits be identified through discovery and in accordance with the Case Management Plan and any amendments thereto.

The above lists do not include witnesses or exhibits to be used for purposes of rebuttal, impeachment, or demonstrative evidence.  Further, Plaintiffs reserve the right to add witnesses and exhibits as their identities and existence become known.  Plaintiffs will promptly notify Defendants and supplement these lists with any witnesses or exhibits as they become known.

Respectfully submitted,

**WAGNER REESE, LLP**

*/s/ Stephen M. Wagner*
Stephen M. Wagner, #18248-49
11989 North Meridian Street, Suite 100
Carmel, IN 46032
Tel: (317) 569-0000 / Fax: (317) 569-8088
Emails: swagner@wagnerreese.com

*Attorney for Plaintiffs*

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of the above and foregoing was electronically filed on the 15th day of March, 2023. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

    Keith Vonderahe, Esq.
    Robert L. Burkart, Esq.
    Matthew S. Koressel, Esq.
    ZIEMER, STAYMAN, WEITZEL &
       SHOULDERS, LLP
    kvonderahe@zsws.com
    rburkart@zsws.com
    mkoressel@zsws.com

*/s/ Stephen M. Wagner*
Stephen M. Wagner